UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
**MAYLENE OTERO,** as Parent and
Natural Guardian of **K.R.O,** and **MAYLENE OTERO,**
Individually,

                                  Plaintiff,                    25-cv-XXXXX

                                                                     **COMPLAINT**

**-against-**

**MELISSA AVILES-RAMOS,** in her official capacity as
Chancellor of the New York City Department of
Education, and the **NEW YORK CITY DEPARTMENT
OF EDUCATION,**

                                  Defendants.
------------------------------------------------------------------------X

      Plaintiff MAYLENE OTERO ("Plaintiff" or "Parent"), as Parent and Natural Guardian of K.R.O.[1] ("Student"), and MAYLENE OTERO, Individually, as and for her Complaint against Defendants MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION ("collectively DOE"), alleges the following:

### PRELIMINARY STATEMENT

1. This case is brought under the Individuals with Disabilities Education Act ("IDEA") to enforce Defendants' responsibility to fund K.R.O.'s program/placement at the International Institute for the Brain ("iBRAIN") under pendency, a Findings of Fact and Decision ("FOFD"), and a State Review Officer ("SRO") Decision.

2. The IDEA offers federal funds to states in exchange for a commitment to furnish a free appropriate public education ("FAPE") to all children with physical or intellectual disabilities. See 20 U.S.C. § 1401 (3)(A)(i) (listing covered disabilities).

3. As defined in the IDEA, a FAPE comprises special education and related services— instruction tailored to meet a child's unique needs and supportive services sufficient to allow the child to benefit from the instruction. 20 U.S.C. § 1401 (26) and (29).

---

[1] Although the full names of the Parent are used in the Complaint, pursuant to the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) (and 34 C.F.R. Part 99), Plaintiff is using the initials of the Student to protect their privacy.

4. An eligible child gains a substantive right to such education once a state accepts IDEA's financial assistance from the Federal Government.

5. Under IDEA, an Individualized Education Program ("IEP") is the primary vehicle for providing a child with the promised FAPE.

6. Student suffers from a brain injury that adversely affects her educational abilities and performance.

7. On December 16, 2024, Plaintiff brought a Due Process Complaint ("DPC") against the DOE, alleging, among other things, that the DOE did not offer K.R.O. a FAPE for the 2024–2025 extended school year ("ESY").

8. The DPC relative to the 2024–2025 ESY was assigned Impartial Hearing Officer ("IHO") Case Number 277052.

9. Plaintiff requested, among other things, an order requiring DOE fund K.R.O.'s current educational program during the pendency of the due process proceedings, as required by 20 U.S.C. § 1415 (j).

10. During the pendency of a due process proceeding, unless the school district and the parent agree otherwise, federal and state law requires the student to remain in their then-current educational placement. See 20 U.S.C. § 1415 (j); 34 C.F.R. § 300.518 (a); N.Y. Educ. Law § 4404(a) (McKinney).

11. The phrase "then-current educational placement" means either (1) the placement described in the student's most recently implemented IEP, (2) the operative placement actually functioning at the time the due process proceedings commenced, or (3) the placement at the time of the previously implemented IEP.

12. A student's last agreed-upon placement, or final unappealed administrative decision deciding placement, establishes a student's pendency program/placement.[2]

13. Pendency provides stability and consistency in the education of students with disabilities and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school, as was the practice before the enactment of the IDEA.

14. On September 3, 2024, IHO Jaime Kotchek ("IHO Kotchek") issued an FOFD in Case No. 277052 ordering DOE to directly fund tuition, transportation, nursing, and an Independent Neuropsychological Evaluation ("INE").

15. Parent appealed the September 3, 2024 FOFD, and DOE cross-appealed.

---

[2] See *Student X v. New York City Dep't of Educ.*, No. 07-CV-2316(NGG)RER, 2008 WL 4890440, at *23 (E.D.N.Y. Oct. 30, 2008); Letter to Hampden 49 IDELR 197.

16. The SRO dismissed both the appeal and cross-appeal in SRO Decision 24-444 on December 18, 2024.

17. Plaintiff brings this action on her own behalf and on behalf of her disabled daughter, seeking a retroactive Order for Pendency, enforcement of the FOFD and SRO Decision, late fees, and attorneys' fees.

18. Because pendency has the effect of an automatic injunction, Plaintiff does not need to meet the traditional requirements for injunctive relief, such as the likelihood of success on the merits, irreparable harm, or a balancing of the hardships to obtain a pendency order.

19. If Plaintiff must meet the traditional requirements for injunctive relief, she will show that she meets such requirements.

## JURISDICTION AND VENUE

20. This case arises under a federal statute, the IDEA, and the U.S. Department of Education regulations, which were promulgated under authority granted by statute. 20 U.S.C. § 1400 *et seq.*, 34 C.F.R. Part 300.

21. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, in that claims arise under Federal Law, IDEA, 28 U.S.C. § 1343(a), under laws providing for the protection of civil rights, and under 20 U.S.C. § 1400, et seq.

22. Jurisdiction is also proper under 42 U.S.C. § 1983, as Defendants acted under the color of law.

23. As much as this case involves questions about special education rights under New York State Law, the Court has supplemental jurisdiction under 28 U.S.C. § 1367.

24. The Court may grant a Declaratory Judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202, implemented through Fed. R. Civ. P. 57.

25. Under 28 U.S.C. § 1391(b), venue is proper in the Southern District of New York, as Defendants MELISSA AVILES-RAMOS, in her official capacity as Chancellor of the New York City Department of Education, and the NEW YORK CITY DEPARTMENT OF EDUCATION (collectively "DOE") maintain a place of business in New York County.

## THE PARTIES

26. Plaintiff MAYLENE OTERO is the Parent and Natural Guardian of K.R.O.

27. K.R.O. was seventeen years old at the start of the 2024–2025 SY.

28. K.R.O. is a student with a disability as defined by 20 U.S.C. § 1401(3).

29. K.R.O. is entitled to receive a FAPE and related services from the DOE.

30. At all relevant times, MAYLENE OTERO and K.R.O. lived in the City of New York.

31. DOE's principal place of business is at 52 Chambers Street, in the County and State of New York.

32. Since K.R.O. is a Student with a disability, DOE must provide her with a FAPE under IDEA and the New York Education Law. Accordingly, DOE must provide K.R.O. with an IEP for every ESY.

## FACTUAL ALLEGATIONS

33. Congress enacted the IDEA to ensure that students with disabilities, such as K.R.O., have meaningful access to a public education.

34. States that participate in the IDEA receive federal funds and agree to provide a FAPE to all children with disabilities in the state and to comply with the IDEA's procedural and substantive mandates.

35. New York State has chosen to participate in and implement the IDEA framework and has established procedures for providing special education services to children with disabilities, outlined in N.Y. Educ. Law § 4401 (McKinney) *et seq*.

36. The primary mechanism for implementing IDEA's mandate of a FAPE is the IEP, as defined in 20 U.S.C. § 1401(14) and § 1414(d).

37. An IEP is a written statement prepared for each child with a disability that sets forth the special education and related services, supplementary aids and services, and program modifications or supports to be provided to the child, on or behalf of the child, to enable the child to achieve a comprehensive set of annual goals and short-term objectives.

### *2020–2021/2021-2022 ESY–IHO CASE NO. 205442*

38. Plaintiff filed a DPC for the 2020–2021 ESY on December 31, 2020, asserting, among other things, that DOE failed to provide K.R.O. with a FAPE and requesting funding for tuition and related services, including special transportation services associated with K.R.O.'s private educational program/placement.

39. The DPC for the 2020–2021 ESY was assigned IHO Case No. 205442.

40. IHO Helene Peyser ("IHO Peyser") was appointed to adjudicate IHO Case No. 205442 on July 19, 2021.

41. Plaintiff filed a DPC for the 2021–2022 ESY on July 6, 2021, asserting, among other things, that DOE failed to provide K.R.O. with a FAPE and requesting funding for tuition and related services, including special transportation services associated with K.R.O.'s private educational program/placement.

42. The DPC for the 2020-2021 ESY was assigned IHO Case No. 210850.

43. On July 21, 2021 an Order of Consolidation was issued consolidating IHO Case Nos. 205442 and 210850 into Consolidated 205442 before IHO Peyser.

44. IHO Peyser issued an FOFD on November 30, 2021 ordering, *inter alia*, that the placement at iBRAIN was an appropriate unilateral placement and further ordered the DOE to fund the tuition, related services, and special transportation through the 2021-2022 ESY.

45. The FOFD in Consolidated IHO No. 205442 was the last unappealed decision at the time of the DPC related to the 2024-2025 ESY.

### *2022–2023 ESY–IHO CASE NO. 228599*

46. Plaintiff filed a DPC for the 2022–2023 ESY on July 6, 2022, asserting, among other things, that DOE failed to provide K.R.O. with a FAPE and requesting funding for tuition and related services, including special transportation services associated with K.R.O.'s private educational program/placement.

47. The DPC for the 2022-2023 ESY was assigned IHO Case No. 228599.

48. The DPC for the 2022-2023 ESY was assigned to IHO Robert Rodriguez ("IHO Rodriguez").

49. A Pendency Implementation Form was processed by DOE Reviewer Michael Pantaloney on September 29, 2022 ordering direct payment to iBRAIN and Sisters Travel and Transportation Services, LLC. ("Sisters") based on the unappealed FOFD in IHO Case No. 205442.

50. A DPC must be fully resolved at the hearing officer level, within 75 days after the filing of the DPC.

51. No FOFD was filed by March 21, 2024, over a year after the DPC was filed.

52. A withdrawal request was sent on March 21, 2024, after funding was fully paid under pendency, without an FOFD ever having been issued.

### *2023–2024 ESY–IHO CASE NO. 283585*

53. A DPC was filed on July 5, 2023, asserting, among other things, that DOE failed to provide K.R.O. with a FAPE and requesting funding for tuition and related services, including special transportation services associated with K.R.O.'s private educational program/placement.

54. The first DPC relative to the 2023-2024 ESY was assigned IHO No. 250931.

55. K.R.O.'s condition deteriorated, and starting November 28, 2023 she began requiring a 1:1 nurse.

56. On or about July 3, 2024 the DPC relative to IHO No. 250931 was withdrawn without prejudice, tuition and transportation funding having been paid under pendency.

57. On July 29, 2024 a DPC was filed asserting, among other things, that DOE failed to provide K.R.O. with a FAPE and requesting funding for 1:1 nursing associated with K.R.O.'s private educational program/placement.

58. The second DPC relative to the 2023-2024 ESY was assigned IHO No. 283585.

59. In an FOFD dated March 4, 2025, IHO Steven Succop denied Plaintiff relief.

60. On March 14, 2025 Plaintiff filed a Notice of Intention to Seek Review.

61. On March 25, 2025 Defendants filed a Notice of Intention to Cross-Appeal.

62. The appeal of the FOFD in IHO Case No. 283585 is ongoing.

### *2024–2025 ESY–IHO CASE NO. 277052*

63. An IEP meeting was held on February 28, 2024, which created an IEP with a projected implementation date of March 18, 2024.

64. On June 14, 2024, Plaintiff sent a Ten-Day Notice to DOE, notifying them of her rejection of the IEP and intent to enroll K.R.O. at iBRAIN for the 2024-2025 ESY.

65. In the same notice, Plaintiff requested that the DOE fund K.R.O.'s placement at iBRAIN to maintain the status quo through IDEA's "stay-put" provision under 20 U.S.C. § 1415(j), as iBRAIN was the last agreed upon placement in the FOFD relative to IHO Case No. 205442, which established K.R.O.'s pendency throughout the administrative and judicial proceedings relative to Plaintiff's DPC for the 2024–2025 ESY.

66. On July 2, 2024, Plaintiff filed a DPC asserting, among other things, that DOE failed to provide K.R.O. with a FAPE and requesting funding for tuition and related services, including special transportation and 1:1 nursing services associated with K.R.O.'s private educational program/placement.

67. The DPC relative to the 2024–2025 SY was assigned IHO Case No. 277052.

68. IHO Jaime Kotchek was appointed to adjudicate IHO Case No. 277052 on July 3, 2024.

69. As part of her DPC, Plaintiff requested that the DOE fund K.R.O.'s educational program/placement during the pendency of the due process proceedings, as mandated by 20 U.S.C. § 1415(j).

70. As part of her DPC, Plaintiff requested an interim order of pendency.

71. A copy of the DPC relative to the 2024–2025 ESY is attached hereto as **Exhibit 1**.

72. Attached to and made part of **Exhibit 1** are various documents relevant to K.R.O.'s current educational program/placement that were attached to Plaintiff's DPC when filed.[3]

73. A Due Process Hearing was held on August 27, 2024 where one witness appeared, and both Plaintiff and Defendants inserted exhibits, opening statement and closing statements into the record.

74. On September 3, 2024, IHO Kotchek issued an FOFD denying DOE's Motion to Dismiss, and finding that the DOE denied K.R.O. a FAPE, that the unilateral program/placement was appropriate, and that the equities did not warrant a reduction in recovery. **Exhibit 2.**

---

[3] Exhibit 1 also contains documents attached to the DPC including **Exhibit A** Ten-Day Notice, **Exhibit B** Proposed Pendency Implementation Form, **Exhibit C** FOFD 205442 **Exhibit D** Proposed Order of Pendency **Exhibit E** signed iBRAIN Annual Enrollment Contract **Exhibit F** signed School Transportation Annual Service Agreement **Exhibit G** signed Nursing Service Agreement.

75. The FOFD ordered direct payment of up to $343,100.60 to iBRAIN for tuition, up to $191,111.00 to Transportation Company for transportation, up to $333,608.00 to the Nurse Company for nursing and the funding of an Independent Neuropsychological Evaluation at the contracted rate.

76. In the FOFD the IHO found that pendency was moot as a decision had been rendered and Parent awarded her entire request.

77. Tuition funding was ordered to be paid within 30 days of the submission of a signed, notarized bill, and transportation and nursing within 30 days of a submission of a signed, notarized bill and affidavit and invoice documenting that the Student used the services and the dates of service.

78. On October 15, 2024, Plaintiff filed a Request for Review (RFR) requesting the SRO modify the FOFD to award Parent the costs of the transportation and nursing as per the terms of the relevant contracts, and affirm the denial of FAPE, the appropriateness of unilateral placement at iBRAIN, the equities favoring the Parent, and the Parent's entitlement to INE at public expense.

79. The appeal of the FOFD in IHO Case No. 277052 was assigned SRO No. 24-444.

80. Defendants filed an Answer with Cross-Appeal, requesting the SRO reverse the IHO's denial of the DOE's Motion to Dismiss the DPC, or in the alternative that equitable considerations warrant the reduction and/or vacatur of the awarded relief or that the IHO's limited awards of transportation and nursing services be affirmed.

81. In a Decision dated December 18, 2024, SRO Steven Krolak dismissed both the appeal and the cross-appeal, and specifically found that "[i]t is worth noting that the IHO did not award payment based only on service dates for which the services were used, but simply directed that the parent must submit invoices documenting the use of the services including delivery dates. Such an award is consistent with the contracts that the parent entered into and merely requires that the parent submit evidence showing that the nursing services and transportation providers performed under the contracts, by showing that services were delivered pursuant to those contracts, prior to having the district make payments." **Exhibit 3.**

82. There has been no appeal of SRO Decision No. 24-444.

83. On December 23, 2024, Plaintiff submitted required documents to DOE including the DPC, iBRAIN Tuition Affidavit, iBRAIN Attendance, Sister's Travel and Transportation

        Affidavit, Sister's Travel and Transportation Invoice, B&H Healthcare Service, Inc. Affidavit, B&H Healthcare Service, Inc. Invoice, FOFD, and SRO Decision.

84. 30 days after December 23, 2024 was January 22, 2025.

85. As of the date of the filing of this Complaint, the DOE has not paid under pendency, the FOFD, or the SRO Decision.

86. This failure by the DOE has caused Plaintiff to incur Late Fees, as required by the iBRAIN, Nursing, and Transportation Agreements.

87. DOE has failed to fund K.R.O.'s pendency program/placement in violation of 20 U.S.C. § 1415(j).

88. DOE's failure to fully implement pendency, the FOFD, and the SRO Decision has caused Plaintiff significant hardship, stress, and anxiety.

89. Defendants have failed to fully fund tuition at iBRAIN.

90. Defendants have failed to fully fund any individual nursing services.

91. Defendants have failed to fully fund the transportation services.

92. Because of DOE's non-compliance with its pendency obligations, K.R.O.'s access to essential educational services, including special transportation services, remains unsupported by DOE as it continues to disregard its obligations in violation of the IDEA.

## AS AND FOR A FIRST CAUSE OF ACTION

93. Plaintiff reiterates, repeats, and reaffirms each of the allegations stated above as if they were set forth more fully herein.

94. An action that alleges a violation of IDEA's pendency provision falls under an exception to the IDEA's requirement that all administrative remedies be exhausted before filing suit in state or federal court regarding pendency.

95. Pendency provides stability and consistency in the education of students with a disability and prevents schools from unilaterally making decisions that would otherwise exclude disabled students from school.

96. The pendency provision of the IDEA, 20 U.S.C. § 1415, requires a school district to continue funding whatever educational placement was last agreed upon for the child until the relevant administrative and judicial proceedings are complete.

97. The phrase "then-current educational placement" is not defined in IDEA or New York Education Law. However, it has been found to mean the last agreed-upon placement when the due process proceeding is commenced, including (1) the placement described in the child's most recently implemented IEP, (2) the operative placement actually functioning when the stay-put provision of the IDEA was invoked, or (3) the placement at the time of the previously implemented IEP.

98. As the Local Education Agency ("LEA"), Defendants are legally responsible for ensuring compliance with IDEA within New York City.

99. The Defendants have violated the rights of the Plaintiff and K.R.O. by failing to implement Plaintiff's pendency placement/program, based on last agreed upon placement found in the unappealed FOFD in IHO Case No. 205442, as required under the IDEA.

100. Defendants failed to properly and timely fund K.R.O.'s pendency placement/program for the 2024–2025 ESY.

101. Defendants have established ineffective policies and procedures for identifying, implementing, and funding special education students' pendency placements and programs and then failed to abide by their own policies and procedures.

102. Defendants have violated Plaintiff's rights under 20 U.S.C. § 1415 and 34 C.F.R. § 300.515(a) and deprived Plaintiff of a FAPE under 20 U.S.C. § 1400 et seq. and New York State's Education Law.

103. Plaintiff's rights under the IDEA are enforceable under 42 U.S.C. § 1983, as the Defendants have acted under color of state law, as well as under 20 U.S.C. § 1415 and the Court's equitable powers.

104. Defendants have demonstrated deliberate indifference by continuing the policies, practices, and customs that led to these violations, despite clear notice that these actions caused the violations and without making corrections to them. These policies, practices, and customs reflect the Defendants' de facto unlawful and improper policies.

### AS AND FOR A SECOND CAUSE OF ACTION

105. Plaintiff reiterates, repeats, and reaffirms each of the allegations stated above as if they were set forth more fully herein.

106. Plaintiff and Plaintiff's disabled child have been harmed by DOE's failure to implement the final Administrative Order that has been issued in their favor as set for above and herein and will continue to suffer such harm until DOE implements the final administrative order in accordance with the terms thereof.

107. The final Administrative Order in this case is the Finding of Facts and Decision in IHO Case No. 277052 issued on September 3, 2024, as clarified by SRO Decision 24-444 issued December 18, 2024.

108. DOE's failure and/or refusal to implement and/or comply with the FOFD or the SRO Decision in this case, requiring the DOE to fully fund K.R.O.'s program/placement at iBRAIN, with related services, special transportation, and nursing as set forth therein, has denied, and continues to deny, the Plaintiff herein her rights as set forth under the IDEA, 20 U.S.C. §1401, et seq., the federal regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the New York State Commissioner of Education, Part 200.

## AS AND FOR A THIRD CAUSE OF ACTION

109. Plaintiff reiterates, repeats, and reaffirms each of the allegations stated above as if they were set forth more fully herein.

110. Plaintiffs' Third Cause of Action is brought under 42 U.S.C. § 1983 as the Defendants, acting under color of law, deprived the Plaintiff and the Plaintiff's disabled child, of their Constitutional and/or otherwise substantial rights, created by, and/or otherwise recognized in, the IDEA and other state and federal laws, statutes, regulations and the like and/or otherwise violated said rights as set forth herein by not funding Student's pendency placement or final Administrative Order,

111. 42 U.S.C. § 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

112. Defendants, acting under color of law, violated the rights of Plaintiff and K.R.O. as protected under 42 U.S.C. § 1983, in that Defendants:

    a. Adopted inappropriate policies and procedures pertaining to implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law;

    b. Failed to abide by existing policies and procedures pertaining to implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law;

    c. Engaged in a widespread practice that constituted custom or usage pertaining to implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under IDEA and applicable state law;

    d. Failed to supervise and/or train their employees to such an extent that it amounts to deliberate indifference to the rights of those who interact with such employees pertaining to pendency, pendency orders, and/or final administrative orders issued in proceedings brought under the IDEA and applicable state law; and

    e. Failed to adopt and implement appropriate policies and procedures and/or adhere to existing policies pertaining to implementing pendency, pendency orders, and/or final administrative orders issued in proceedings brought under IDEA and applicable state law.

113. Defendants' failure to and/or refusal to fully implement and/or comply with K.R.O.'s pendency placement/program, IHO Kotchek's FOFD in IHO Case No. 277052, and SRO Krolak's Decision in SRO No. 24-444 relative to Plaintiff's DPC for the 2024–2025 ESY has deprived and continues to deprive Plaintiff and K.R.O. of their rights under IDEA and the regulations promulgated thereunder, as well as N.Y. Educ. Law § 4404 and § 4410 (McKinney), in violation of 42 U.S.C. § 1983.

114. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and K.R.O. have experienced the loss of federally guaranteed rights.

115. As a direct and proximate result of Defendants' wrongful conduct, Plaintiff have incurred late fees under their relevant contracts for the 2024-2025 school year.

116. Plaintiff and K.R.O. have suffered damages because of Defendants' violation of their rights as set forth herein and request damages in the amount of $1.00 or some other nominal amount.

117. DOE has also violated the IDEA by denying K.R.O. a FAPE for the 2024–2025 SY.

118. Defendants' violations are enforceable under 42 U.S.C. § 1983.

119. Plaintiff and K.R.O. have been harmed by DOE's failure to implement K.R.O.'s pendency placement/program, IHO Kotchek's FOFD in IHO Case No. 277052, and SRO Krolak's Decision in SRO No. 24-444 relative to Plaintiff's DPC for the 2024–2025 ESY as set forth above and herein and will continue to suffer such harm until DOE implements K.R.O.'s pendency and the FOFD and SRO Decision in accordance with their terms.

120. DOE's failure and/or refusal to implement and/or comply with IHO Kotchek's FOFD in IHO Case No. 277052 and SRO Krolak's Decision in SRO No. 24-444 requiring DOE to fully fund K.R.O.'s current educational program/placement at iBRAIN, individual nursing services, and special transportation services, has denied and continues to deny Plaintiff her rights as set forth under the IDEA, 20 U.S.C. § 1401, et seq., the Federal Regulations promulgated thereunder, 34 C.F.R. Part 300, Article 89 of the New York State Education Law, and the Regulations of the New York State Commissioner of Education, Part 200.

121. Defendants' failure to implement and/or comply with IHO Kotcheck's FOFD in IHO Case No. 277052 and SRO Krolak's SRO Decision in SRO Case No. 24-444, while acting under color of law, deprived the Plaintiff and K.R.O. of their rights secured by federal and state law in violation of the IDEA and 42 U.S.C. § 1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

122. Plaintiff reiterates, repeats, and reaffirms each allegation set forth above as if more fully set forth herein.

123. In any action or proceeding brought under the IDEA, a Court may award reasonable attorneys' fees as part of the costs to the "prevailing party," who is the parent of a child with a disability. 20 U.S.C. § 1415(i)(3)(B)(I); 34 C.F.R. § 300.517(a)(1)(i).

124. Plaintiff MAYLENE OTERO is the parent of K.R.O., a child with disabilities, who prevailed in IHO Case No. 277052 for the 2024–2025 extended school year.

125. IHO Peyser issued an FOFD on November 30, 2021 ordering, *inter alia*, that the placement at iBRAIN was an appropriate unilateral placement and further ordered the DOE to fund the tuition, related services, and special transportation through the 2021-2022 ESY.

126. The FOFD in Consolidated IHO No. 205442 was the last unappealed decision at the time of the DPC related to the 2024-2025 ESY.

127. In IHO Case No. 277052, IHO Kotchek issued an FOFD on September 3, 2024, which found that DOE denied K.R.O. a FAPE for the 2024–2025 school year and ordered DOE to fully fund K.R.O.'s tuition, related services, 1:1 nursing and transportation services at iBRAIN.

128. On December 18, 2024, SRO Krolak dismissed the appeal and cross-appeal of the FOFD in IHO Case No. 277052 in SRO Decision 24-444, making that FOFD final.

129. Plaintiff is the prevailing party in her administrative proceedings under the IDEA. The FOFD and SRO Decision altered the legal relationship between Plaintiff and the DOE, requiring the DOE to fully fund K.R.O.'s educational placements and related services.

130. At all relevant times, Plaintiff MAYLENE OTERO was represented by the Liberty and Freedom Legal Group, Ltd., a law firm experienced in representing families of students with disabilities in proceedings under IDEA.

## FIFTH CAUSE OF ACTION

131. Plaintiff reiterates, repeats, and reaffirms each allegation set forth above as if more fully set forth herein.

132. Under the IDEA 20 U.S.C. § 1415(i)(2)(C)(iii), the Court has equitable authority: "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate."

133. Due to the delays of Defendants to fund K.R.O.'s program/placement under pendency, the FOFD, and the SRO Decision, Plaintiff is now liable to vendors for late fees.

134. Under the iBRAIN Annual Enrollment Contract: "It is understood Parent(s)/Guardian(s) may seek public funding from their local school district to pay for Student's Full Tuition due to *i*Brain for the School Year by asserting Student's due process rights. In the event Parent(s)/Guardian(s) is required to file a due process complaint against the local school district seeking an Order on Pendency and/or Findings of Fact and Decision for funding,

the tuition payment obligations will be suspended, except those obligations outlined in sections 8(a) and 8(b), until a final determination/decision is issued by an impartial hearing officer, state review officer, or state or federal court, and then all monies then-due will become immediately due within thirty (30) days of the final adjudication.

135. Under the Sisters Transportation Agreement: "PROVIDER understands and accepts CLIENT will be seeking third party payments for SERVICES from the local school district (e.g., New York City Department of Education) ("THIRD PARTY") through either a Stipulation Agreement or through an impartial hearing process. PROVIDER agrees to suspend payment obligations until an interim or final administrative or judicial decision is made obligating THIRD PARTY to pay all or part of FEES and those payment obligations will become immediately due as per the terms of this AGREEMENT, and shall be paid within thirty (30) days of the interim or final decision or execution of a Stipulation Agreement.

136. Relevant contracts, including late fee clauses, were submitted into evidence in the basis for pendency, IHO Case No. 205442, as well as before the IHO and SRO in IHO Case No. 277052 and SRO No. 24-444

137. In all three proceedings, the unilateral placement was deemed to be appropriate and late fees were not specifically addressed.

138. DOE's delay in funding the placement/program now means that Parent is liable for late fees, the nonpayment of which could have an adverse impact on K.R.O.'s placement.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff requests that the Court:

1. Issue a Preliminary Injunction and/or other appropriate order requiring Defendants to comply with their pendency obligations, the FOFD in IHO Case No. 277052, and the Decision in SRO No. 24-444 and fully fund the costs of K.R.O.'s tuition, related services, special transportation, and nursing services, plus applicable Late Fees, for the 2024–2025 ESY, and ordering Defendants to fund the same.

2. Enter Judgment against Defendants and in favor of Plaintiff:

    a. Declaring Plaintiff is entitled to an order finding K.R.O.'s pendency program/placement is at iBRAIN retroactively throughout the administrative and judicial proceedings related to Plaintiff's DPC for the 2024–2025 ESY, which

          includes funding for tuition at iBRAIN, and related services, including special transportation.

b.     Finding that Defendants failed to fully implement and/or comply with IHO Kotcheck's FOFD in IHO Case No. 277052 and SRO Krolak's SRO Decision in SRO Case No. 24-444, and by doing so, deprived Plaintiff and K.R.O. of their rights under the IDEA and the regulations promulgated thereunder, as well as the New York State Education Law.

c.     Finding that Defendants' failure to implement and/or comply with IHO Kotcheck's FOFD in IHO Case No. 277052 and SRO Krolak's SRO Decision in SRO Case No. 24-444, while acting under color of law, deprived the Plaintiff and K.R.O. of their rights secured by federal and state law in violation of the IDEA and 42 U.S.C. § 1983.

d.     Awarding Plaintiff and K.R.O. damages in the amount of $1.00 or some other nominal amount.

e.     Declaring that Defendants violated Plaintiff's rights as set forth above.

f.     Declaring that Defendants violated K.R.O.'s rights as set forth above.

g.     Ordering such other, further, and different relief as may be appropriate under the IDEA.

h.     Awarding Plaintiff statutory costs and reasonable attorneys' fees as part of this federal action.

i.     Awarding Plaintiff late fees pursuant to the relevant contracts.

j.     Granting such other, further, and different relief as the Court may deem just, proper, and equitable.

Dated:  April 3, 2025
       New York, New York

                                        Respectfully submitted,

                                        */S/   Kenneth Willard*

>Kenneth Willard
>Liberty & Freedom Legal Group
>*Attorneys for Plaintiff*
>105 East 34th Street, Suite #190
>New York, New York 10016
>ken@pabilaw.org